US DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

PAULA HOLTHAM,

    Plaintiff,

v.

ANGELA PICKETT as PERSONAL REPRESENTATIVE of the ESTATE of MICAJAH PICKETT, and ANGELA PICKETT, in her individual capacity,

    Defendants.

_____/

## COMPLAINT
### (Violation of FLSA and FMWA)

COMES NOW, Plaintiff, PAULA HOLTHAM ("HOLTHAM") and sues Defendants, ANGELA PICKETT as PERSONAL REPRESENTATIVE of the ESTATE OF MICAJAH PICKETT ("PICKETT ESTATE"), and ANGELA PICKETT ("PICKETT"), individually, for violation of the Fair Labor Standards Act, 29 USC § 201, *et seq.*, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, and states as follows:

### JURISDICTION & VENUE

1. This is an action to recover overtime wage compensation under the FLSA and FMWA.

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1367.

1

3. HOLTHAM *sui juris* and is a resident of this Court's jurisdiction.

4. PICKETT ESTATE is within this Court's jurisdiction.

5. PICKETT is an individual who, upon information and belief, resides in this District.

6. All actions relevant to this action occurred in this District.

## FACTUAL ALLEGATIONS

*Coverage:*

7. At all times material hereto, PICKETT oversaw the scheduling of HOLTHAM, had operational control over the work performed by HOLTHAM and, and ensured her wages were paid.

8. At all times pertinent to this Complaint, HOLTHAM provided home health care and medical care to MICAJAH PICKETT, deceased, and his wife, ANGELA PICKETT.

9. Defendants are subject to the jurisdiction of the United States District Court because it engaged in substantial and not isolated activity within this judicial District.

10. At all times material hereto, Defendants employed HOLTHAM within the meaning of the FLSA and FMWA to provide medical services to MICAJAH PICKETT and ANGELA PICKETT.

11. At all times material hereto, MICAJAH PICKETT and ANGELA PICKETT were the "employers" within the meaning of the FLSA.

12. At all times material hereto, PICKETT was the "employer" of HOLTHAM within the meaning of the FLSA, 29 USC § 216(b), and she is jointly and severally liable under the FLSA for unpaid Florida minimum and overtime wages owed to HOLTHAM.

13. At all relevant times, Defendants knowingly and willfully failed to pay HOLTHAM her lawfully earned wages in conformance with the FLSA and FMWA.

14. MICAJAH PICKETT is now deceased and, upon information and belief, PICKETT is his surviving spouse and personal representative of his Estate.

***Non-Exempt Work:***

15. At all relevant times HOLTHAM worked as skilled home health aide for Defendants and is not exempt under the FLSA's requirements for the payment of minimum and overtime wages 29 CFR § 552.109(a) and the FMWA.

16. HOLTHAM provided medical services to both MICAJAH PICKETT and ANGELA PICKETT in the home.

17. HOLTHAM is a trained Certified Nursing Assistant ("CAN").

***HOLTHAM's FLSA Claim:***

18. HOLTHAM worked five months at 12 hours per day for a total of 84 hours per week at $18 per hour, making her unpaid overtime $23,760.00 (20 weeks x (44 hours OT x $27/hour)).

19. HOLTHAM worked eighteen months at 15 hours per day for a total of 105 hours per week at $19.69 per hour, making her unpaid overtime $138,247.20 (72 weeks x (65 hours OT x $29.54/hour)).

3

20. HOLTHAM worked six months at 14 hours per day for a total of 98 hours per week at $19.69 per hour, making her unpaid overtime $27,408.48 (24 weeks x (58 hours OT x $29.54/hour)).

***HOLTHAM's FMWA Claim:***

21. HOLTHAM worked five months at 12 hours per day for a total of 84 hours per week at $18 per hour, making her unpaid overtime $5,846.40 (20 weeks x (84 hours x $3.48/hour[1])).

22. HOLTHAM worked eighteen months at 15 hours per day for a total of 105 hours per week at $19.69 per hour, making her unpaid overtime $21,319.20 (72 weeks x (105 hours x $2.82/hour)).

23. HOLTHAM worked six months at 14 hours per day for a total of 98 hours per week at $19.69 per hour, making her unpaid overtime $7,455.84 (24 weeks x (98 hours x $3.17/hour)).

***Willful Violations:***

24. Defendants knowingly and willfully failed to pay HOLTHAM overtime and minimum wages in violation of the FLSA.

25. Defendants knowingly and willfully enacted a policy of not paying Plaintiff the state mandated minimum wage in violation of the FMWA.

## ATTORNEY'S FEES

26. Plaintiff has retained the undersigned law firm to represent them in this action and has agreed to pay the firm a reasonable fee for its services.

---

[1] Based upon the minimum wage rate of $8.15/hour.

4

## CONDITIONS PRECEDENT

27. HOLTHAM has fulfilled all conditions precedent to the institution of this case and/or such conditions have been waived. See Exhibit "A".

## COUNT I:  VIOLATION OF FLSA

28. HOLTHAM re-alleges Paragraphs 1 through 27, as if fully stated herein.

29. Since HOLTHAM's date of hire with Defendants, in addition to HOLTHAM's normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

30. HOLTHAM was required to be on-call to provide medical care for MICAJAH PICKETT.

31. HOLTHAM is entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

32. Defendants failed to pay HOLTHAM overtime compensation in the lawful amount for hours worked by her in excess of the maximum hours provided for in the FLSA.

33. Records, if any, concerning the number of hours worked by HOLTHAM and the actual compensation paid to HOLTHAM are in the possession and custody of Defendants.  HOLTHAM, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint to set forth the precise amount due to her.

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate HOLTHAM, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they, jointly or severally, knew or should have known such was due.

35. Defendants failed to properly disclose or apprise HOLTHAM, of her rights under the FLSA.

36. Additionally, Defendants failed to pay HOLTHAM's payroll taxes, despite assurances they would so do.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, HOLTHAM, is entitled to liquidated damages pursuant to the FLSA.

38. Due to the intentional, willful and unlawful acts of Defendants, HOLTHAM has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

39. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, as to Count I, PAULA HOLTHAM, respectfully requests that judgment be entered in her favor, jointly and severally, against Defendants, that she be awarded damages, liquidated damages, attorneys' fees, cost, interest and any such further relief this Court deems just and equitable.

## COUNT II:  VIOLATION OF FMWA

40. HOLTHAM re-alleges Paragraphs 1 through 27, as if fully stated herein.

41. Since HOLTHAM's date of hire with Defendants, in addition to HOLTHAM was not properly paid the prevailing Florida Minimum Wage.

42. Records, if any, concerning the number of hours worked by HOLTHAM and the actual compensation paid to HOLTHAM are in the possession and custody of Defendants. HOLTHAM, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint to set forth the precise amount due to her.

43. Defendants knew of and/or showed a willful disregard for the provisions of the FMWA as evidenced by its failure to compensate HOLTHAM at the Florida Minimum Wage.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, HOLTHAM, is entitled to liquidated damages pursuant to the FMWA.

45. Due to the intentional, willful and unlawful acts of Defendants, HOLTHAM has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus liquidated damages.

46. HOLTHAM is entitled to an award of reasonable attorney's fees and costs pursuant to Fla. Stat § 448.110.

WHEREFORE, as to Count II, PAULA HOLTHAM, respectfully requests that judgment be entered in her favor, jointly and severally, against Defendants, that

she be awarded damages, liquidated damages, attorneys' fees, cost, interest and any such further relief this Court deems just and equitable.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

DATED:  November 13, 2020.

                                                  Respectfully submitted,

By:     /s/ Gina M. Cadogan
GINA MARIE CADOGAN
Fla. Bar. 177350
CADOGAN LAW
300 S. Pine Island Road, Suite 107
Plantation, Florida 33324
Tel: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com
Email: kathy@cadoganlaw.com

8